UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                     )
YORIE VON KAHL,                      )
                                     )
                 Plaintiff,          )
                                     )
           v.                        )    Civil Action No. 09-0635 (KBJ)
                                     )
BUREAU OF NATIONAL AFFAIRS, INC.,    )
                                     )
                                     )
                 Defendant.          )
_____ )

## MEMORANDUM OPINION AND ORDER

Plaintiff has brought defamation claims that arise from the Bureau of National Affairs, Inc.'s ("BNA's") publication in its *Criminal Law Reporter* of a summary of a Petition for a Writ of Mandamus ("Mandamus Petition") that Plaintiff filed in the Supreme Court in 2004.  The Court has already determined that Plaintiff is a limited purpose public figure, *see Kahl v. Bureau of Nat'l Affairs, Inc.*, 934 F. Supp. 2d 204, 217–18 (D.D.C. 2013); therefore, in order to prevail on his defamation claim, Plaintiff must demonstrate that BNA published a false statement with actual malice—*i.e.*, "'with knowledge that [the statements published in the Criminal Law Reporter were] false or with reckless disregard of whether [the statements were] false or not.'" *Id*. at 218 (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964)); *see also Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 511 (1991) ("In place of the term actual malice, it is better practice that jury instructions refer to publication of a statement with knowledge of falsity or reckless disregard as to truth or falsity.").  It is well established

that "a jury may reasonably infer actual malice from circumstantial evidence[,]" *Tavoulareas v. Piro*, 817 F.2d 762, 790 (D.C. Cir. 1987) (discussing *St. Amant v. Thompson*, 390 U.S. 727 (1968)), and among the types of evidence that can be proffered to make this showing is "evidence establishing that the story was (1) fabricated; (2) so inherently improbable that only a reckless man would have put it in circulation; or (3) based wholly on an unverified anonymous telephone call or some other source that the defendant had obvious reasons to doubt," *id.* (internal quotation marks and alterations omitted).

The gravamen of Plaintiff's defamation accusation is that BNA published a summary of his Mandamus Petition that falsely stated that, at his sentencing, Plaintiff "showed no lack of contrition and made statements to the press that he believed that murders of U.S. marshals in the course of their duties were justified by religious and philosophical beliefs." (*See* Compl., ECF No. 1, ¶ 8.)  Plaintiff maintains that this description falsely attributes feelings and statements to Plaintiff that do not appear in the Mandamus Petition BNA purports to summarize, and in fact, Plaintiff never made the comments BNA attributed to him. (*See id.* ¶ 9 (asserting that, rather than making statements of justification, the mandamus petition "expressly . . . denied any murders of U.S. marshals in the course of their duties as reflected in the jury acquittals expressly finding Plaintiff 'Not Guilty' of the murder of U.S. marshals in course of their duties"); *see also id.* ¶ 7 (alleging that BNA made "statements regarding Plaintiff which were false and of which several were falsely attributed to Plaintiff as his own statements"). Plaintiff further contends that the "correction" that BNA subsequently published to clarify its purported summary (after Plaintiff wrote a letter to BNA's President) made

2

matters worse, and was also false, insofar as the correction suggested that the reported statements regarding Plaintiff's lack of contrition and beliefs had been made by the sentencing judge.  (*Id.* ¶¶ 14, 16.)

BNA argued in the unsuccessful motion for summary judgment that is the subject of the instant request for interlocutory appeal that Plaintiff's defamation claim must be "dismissed because the undisputed record establishes that he cannot meet his burden of proving that BNA published [the allegedly defamatory] statements with the requisite level of fault."  (Combined Mem. of Law in Support of Def.'s Mot. for Summ. J. & in Opp'n to Pl.'s Mot. for Partial Summ. J., ECF No. 62, at 29.)[1]  It proffered declarations of the two employees responsible for drafting the statements (*see id*. at 32–33) to show that "each reasonably believed that the [statements] were accurate when published[,]" thus "negat[ing] any possible finding of actual malice," *id*. at 24.  For his part, Plaintiff primarily pointed to the content of the allegedly erroneous statements themselves and argued that the false statements BNA made under the circumstances in which they were published give rise to a reasonable inference that the statements were published with the requisite malice.  (*See, e.g.*, Pl.'s Opp'n to Def.'s Mot. for Summ. J. & Reply to Def.'s Opp'n to Pl.'s Mot. for Partial Summ. J., ECF No. 75, at 31 (arguing that actual malice would exist either if BNA employees "read the [Mandamus] Petition prior to the respective publications" and thereby knew the summaries were false or if the employees "did not take the few seconds necessary to scan the fact section" of the Mandamus Petition (emphasis omitted).)  On September 30, 2014, this Court issued a Memorandum Opinion and Order that, among other things, denied defendant's motion for summary

---

[1]  Page numbers herein refer to those the Court's electronic case filing system automatically assigns.

3

judgment with respect to Plaintiff's defamation claim on the grounds that the "discrepancies between what [Plaintiff's] Mandamus Petition actually says and what BNA's 'summary' reports are sufficient to create a genuine dispute of material fact regarding whether BNA acted with reckless disregard with respect to the truth or falsity of the statements in the summary."  (Mem. Op. & Order Denying Mots. for Summ. J., Sept. 30, 2014, ECF No. 87, at 19.)

Before this Court at present is Defendant's Motion to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).  (ECF No. 90 ("Def.'s Mot.").)  A federal district court may certify a non-final order for immediate appeal under § 1292(b) "when:  (1) the order involves a controlling question of law, (2) as to which a substantial ground for difference of opinion concerning the ruling exists, and (3) an immediate appeal would materially advance the disposition of the litigation."  *Vila v. Inter-Am. Inv., Corp.*, 596 F. Supp. 2d 28, 30 (D.D.C. 2009) (citing 28 U.S.C. § 1292(b)).  "[A] 'controlling question of law is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources.'"  *APCC Servs., Inc. v. Sprint Commc'ns Co., L.P.*, 297 F. Supp. 2d 90, 95–96 (D.D.C. 2003) (quoting *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002)).  BNA bears "the burden of establishing all three elements to merit 'departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"  *Vila*, 596 F. Supp. 2d at 30 (quoting *APCC Servs.*, 297 F. Supp. 2d at 95).  Section 1292(b) "'should not be read as a significant incursion on the traditional federal policy against piecemeal appeals'" and, accordingly, it should "'be applied in relatively few

4

situations[.]'"  *Howard v. Office of the Chief Admin. Officer of the U.S. House of Representatives*, 840 F. Supp. 2d 52, 55 (D.D.C. 2012) (quoting *Tolson v. United States*, 732 F.2d 998, 1002 (D.C. Cir. 1984)).  BNA argues, and the Court concludes, that this is such a situation.

Whether or not Plaintiff can proceed to trial on his defamation claim turns on a controlling question of law:  has Plaintiff has proffered sufficient evidence to permit a reasonable jury to find that BNA's statements were published with actual knowledge of their falsity or with reckless disregard for their truth or falsity?  Given the D.C. Circuit's description of the kinds of evidence that suffice to establish actual malice in the *Tavoulareas* case, there is a substantial ground for difference of opinion regarding whether it is sufficient for Plaintiff to rely solely on the content of BNA's allegedly false statements (and to compare those statements with the Mandamus Petition that BNA purported to summarize) in order to meet his burden of establishing by clear and convincing evidence that BNA acted with actual malice.  *See Tavoulareas*, 817 F.2d at (explaining that "actual malice does not automatically become a question for the jury whenever the plaintiff introduces pieces of circumstantial evidence tending to show that the defendant published in bad faith[,]" and holding that the particular proffered evidence did not give rise to a jury question as to whether allegedly false statement was published with actual malice); *cf. Bose Corp. v. Consumers Union of the U.S., Inc.*, 466 U.S. 485, 511 (1984) ("[T]here is a significant difference between proof of actual malice and mere proof of falsity[.]").  This Court also concludes that an immediate appeal with respect to Plaintiff's defamation claim would materially advance this litigation.

5

Accordingly, it is hereby

**ORDERED** that [90] Defendant's Motion to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) is **GRANTED**; it is

**FURTHER ORDERED** that the following pending motions are **DENIED WITHOUT PREJUDICE** and may be refiled, if necessary, after the appeal: [97] Defendant's Motion to Compel Interrogatory Responses; [103] Defendant's Motion to Extend Discovery Deadline; [104] Plaintiff's Motion for Leave to File Surreply to Defendant's Reply Memorandum in Support of Defendant's Motion to Compel Discovery Responses; [106] Defendant's Motion to Use Court Facilities to Conduct Depositions; [108] Plaintiff's Emergency Motion to Waive F.R. Civ. P. 26(c)'s Certification Requirements and to Issue an Order Limiting the Extent of Discovery and the Scope of Disclosure or Discovery for Exceptional Reasons or, Alternatively, to Stay Remaining Discovery (Depositions) to Permit the Parties to Attempt to Resolve Discovery Disputes; and [112] Defendant's Motion for Leave to Supplement the Record. It is

**FURTHER ORDERED** that all proceedings in this action are **STAYED** pending further order of the Court.

DATE: August 21, 2015

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge